Randal J. French ISB 3032
RANDAL J. FRENCH, P.C.
Post Office Box 836
Boise, Idaho  83701
Telephone (208) 859-6881
      rfench@rfrenchlaw.com
Attorney for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re: ) | |
| ) | |
| SOELBERG, JOSEPH and HEATHER ) | |
| ) | Bankruptcy Case No. 15-01355 |
| Debtor. ) | Chapter 13 |
| ) | |
| ) | MOTION TO STRIKE |
| ANNETTE DAVIDSON, an individual ) | DECLARATION OF STEVEN D. |
| Plaintiff, ) | SEVERN, CPA |
| vs. ) | |
| ) | |
| JOSEPH SOELBERG, ) | |
| Defendant. ) | Adversary Case No.  15-06054-TLM |
| ) | |

      COMES NOW the Defendant, Joseph Soelberg, by and through his counsel of record, and moves this court for its order striking the Declaration of Steven D. Severn, CPA, Doc. 26-2.

This motion is made pursuant to Rule 702, Federal Rules of Evidence.

    Rule 702 provides:

    If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"Federal Rules 702 and 703 grant expert witnesses testimonial latitude unavailable to other

MOTION TO STRIKE DECLARATION OF STEVEN D.  SEVERN, CPA, p. 1

witnesses on the 'assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline.'" *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 at 148 (1999) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993)).

> The objective of [Federal rule 702] is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of the expert in the relevant field.

526 U.S. at 151-52.

As this Court noted in *See In re Smitty Inv. Group, LLC*, 2008 WL 2095523, at *7-11 (Bankr. D. Idaho May 16, 2008) (discussing Fed. R. Evid. 702 and 703), this Court is the gatekeeper in admitting or considering expert opinion testimony.  It has "the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire*, 526 U.S. at 141-42., *quoted in Smitty Inv.  Group, supra.*

The Declaration of Severn does not meet the requirements of admissibility of expert witness testimony.  It is unclear what, if any, opinion Mr.  Severn is offering.  Severn offers statements of fact that are readily apparent from documents admitted into evidence, including that each tax return was signed, the statement as to penalty of perjury above the signature line, and the total amount deducted over the years.  Doc 26-2, p.  2, ¶ 5, 9, 10[1].  That does not provide any assistance in making any determination of fact.

Mr.  Severn does not show how experience or specialized knowledge is "reliably applied" to data, in a methodologically sound way, and that the conclusions are adequately and reliably supported.

---

[1]  Mr. Severn's Declaration omits paragraphs 6-8, for reasons that are not explained.

MOTION TO STRIKE DECLARATION OF STEVEN D.  SEVERN, CPA, p. 2

Mr. Severn's statement that payments to a spouse to equalize community property settlements are not deductible, Doc. 26-2, p. 3, ¶ 14, is not a conclusion based upon specialized knowledge.

Mr. Severn states that Mr. Soelberg owes approximately $29,500 in taxes, penalty and interest.  Doc. 26-2, p. 3, ¶ 15  That is not explained.  His Declaration does not establish the second and third factors of Rule 702:  (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.  How did he compute any tax liability?  For what years?  Are there any statute of limitations that would bar any claim for taxes?

Mr. Severn does not address whether Mrs. Davidson was motivated to seek a higher payment amount and sell it to Mr. Soelberg as tax deductible by characterizing it as spousal support.  Mr. Severn dos not address important questions such as, is identifying community property equalization payments as alimony, maintenance or support a common tool used to resolve disputes and get to a resolution of divorce proceedings?  Has Mr. Severn himself used this approach in advising clients on complicated divorces involving substantial community property assets?

Mr. Severn does not address the factors that are at issue here.  Is this actually in the nature of alimony, maintenance or support?  Is support typically ordered in a divorce in which the intended recipient has employment, and income in excess of $37,000 per year and an additional $1,170 per month in child support?

Mr. Severn does not address the impact in tax law of a payment that is characterized as alimony, maintenance or support but does not end with the death of the recipient.  The Internal

MOTION TO STRIKE DECLARATION OF STEVEN D.  SEVERN, CPA, p. 3

Revenue Code provides in part §71(b)(1)(D),

> (b) Alimony or separate maintenance payments defined For purposes of this section—
> (1) In general.  The term "alimony or separate maintenance payment" means any payment in cash if—
> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

In this case, there is no provision for the payment at issue to stop at Mrs. Davidson's death.  Does this mean that for tax purposes, this would never have been considered alimony and was never taxable to Mrs. Davidson?  Does the taxing authority consider whether an alleged support payment does not change no matter the need for support?  Mr. Severn does not address these issues.  His Declaration does not satisfy the requirements of Rule 702.

## CONCLUSION

Mr.  Severn does not offer an expert opinion that is supported by the application of reliable principles and methods, and does not offer an explanation as to his application of principles and methods reliably to the facts of the case.  This Court should find that the opinion testimony of Mr. Severn does not meet the reliability standards established in *Daubert* or *Kumho Tire*.  This court should strike the Declaration fo Steven D.  Severn or should rule inadmissible the pinions stated in that Declaration.

DATED this   4    day of March, 2016.

                                                RANDAL J. FRENCH, P.C.
                                                /s/*Randal J. French*
                                                Randal J. French of the firm, Attorney for Defendant

MOTION TO STRIKE DECLARATION OF STEVEN D.  SEVERN, CPA, p. 4