# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 15-01355-TLM |
| JOSEPH LLOYD SOELBERG, ) | |
| HEATHER M. SOELBERG, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ANNETTE LLOYD DAVIDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 15-06054-TLM |
| ) | |
| JOSEPH LLOYD SOELBERG, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION

On October 15, 2015, Joseph Soelberg ("Soelberg") and Heather Soelberg (together "Debtors") filed a chapter 13 petition commencing Case No. 15-01355-TLM.[1]  Four days later, Soelberg's ex-wife, Annette Davidson ("Davidson"), filed the complaint commencing this adversary proceeding.  Davidson seeks a judgment that Soelberg's obligations to her are nondischargeable under

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 1

§ 523(a)(5) or (a)(15). The distinction is a matter of consequence in a chapter 13 case given § 1328(a)(2) which excepts from a chapter 13 discharge those debts under § 523(a)(5) but not those under § 523(a)(15).

On July 5, 2016, the Court, over Debtors' objections, granted the chapter 13 trustee's and Davidson's motions to convert the case to chapter 7. The conversion has been appealed by Debtors, but is not stayed. On July 15, Davidson filed a motion for summary judgment seeking a determination that her claims are nondischargeable because, in a chapter 7, "the distinction [between claims under § 523(a)(5) and (a)(15)] is irrelevant and Soelberg's debt to Davidson is now non-dischargeable according to either[.]" Adv. Doc. No. 39 at 2–3 ("Motion"). Hearing was held on the Motion on August 29, and the matter was taken under advisement.

## BACKGROUND AND FACTS[2]

Soelberg and Davidson were married until March 2007. Incorporated into the judgment and decree of divorce was a mediation agreement signed by Soelberg and Davidson. The mediation agreement included a provision, Paragraph L, that was expressly "not merged and shall remain a separate contract between the parties." It provided: "JOSEPH agrees to pay ANNETTE spousal support in the amount of $2,200 per month for a period of ten (10) years."

---

[2] In addition to the materials of record in this adversary proceeding, the Court takes judicial notice of its files and records, Fed. R. Evid. 201, and also specifically incorporates the findings of fact as it found and orally set them forth on the record on July 5.

MEMORANDUM OF DECISION - 2

Soelberg ceased making the payments to Davidson in 2010. Davidson filed a lawsuit in state court and obtained a judgment against Soelberg in 2011. That judgment was affirmed on appeal. *Davidson v. Soelberg*, 296 P.3d 433 (Idaho Ct. App. 2013). That court held that when spousal support obligations arise under a settlement agreement, the right to enforce the obligation rests on contract, unless the obligation is merged into the decree, in which case spousal support can generally be judicially modified. Applying *Phillips v. Phillips*, 462 P.2d 49 (Idaho 1969), the Court of Appeals held that the unambiguous exclusion of Paragraph L meant that this obligation was not merged into the decree. Soelberg's contentions as to why the nonmerger provision should be found ineffective were rejected.

Davidson renewed her collection activities on the existing judgment, and obtained an additional state court judgment against Soelberg for delinquent amounts and accumulated interest. Prior to a state court trial as to whether Soelberg committed an anticipatory breach of his obligation to make future payments, Debtors filed their bankruptcy.

On February 15, 2016, Davidson filed a proof of claim in the amount of $136,591.78. Davidson asserts therein that the claim is one for "spousal support" and that it is secured by a judgment lien for almost $130,000 and unsecured for roughly $5,600, and that the entire amount is entitled to priority as a domestic support obligation under § 507(a)(1). On September 1, 2016, Debtors filed an objection to that proof of claim, contending that it is not actually in the nature of

MEMORANDUM OF DECISION - 3

support and not entitled to priority.[3]  This contention matches that in Soelberg's answer and counterclaim in this adversary proceeding.  Adv. Doc. No. 7.[4]

**DISCUSSION AND DISPOSITION**

    **A.**    **Summary judgment as to nondischargeability**

As noted, the Motion seeks nothing more than a declaration that, whether her obligation falls under § 523(a)(5) or under (a)(15), Davidson's claim is nondischargeable.  It is beyond debate that this is true.  By virtue of the conversion of the bankruptcy case to chapter 7, Davidson's claim is nondischargeable.

Debtors, however, argue that there remain issues raised in Soelberg's answer and counterclaim, and in Debtors' objection to the proof of claim, as to whether Davidson's claim is a priority claim under § 507(a)(1).  Accordingly, Soelberg argues that it is still necessary for the Court to determine whether the obligation falls within § 523(a)(5) or (a)(15).

This Court has articulated the summary judgment standards:

> Federal Rule of Civil Procedure 56, incorporated in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056

---

[3] On October 4, Debtors filed an "amended objection" using negative notice under LBR 2002.2(d), which appears designed to require a response from Davidson within 30 days.  Doc. No. 139.  However, the LBR 2002.2(d) negative notice procedure is not appropriate in the claims objection process given LBR 3007.1.  *See* LBR 2002.2 committee notes (noting that the procedure for objecting to claims is governed by other rules and LBR 2002.2(d) does not apply).  Notwithstanding the inappropriate use of LBR 2002.2(d), the basis for the objection remains the same.

[4] The relief sought by the "counterclaim" is a declaratory determination that the claim is not one actually in the nature of support and therefore falls outside § 523(a)(5) and is not entitled to priority under § 507(a)(1).

MEMORANDUM OF DECISION - 4

> states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).
>
> The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact, after which the opposing party must provide evidence establishing a genuine issue of material fact. *Poole v. Davis (In re Davis)*, 2012 WL 4831494, *2 (Bankr. D. Idaho Oct. 10, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). But even if the opposing party fails to establish the existence of disputed facts, the moving party must still establish it is entitled to judgment as a matter of law. *See North Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1227–28 (9th Cir. 1997) (holding the trial court erred by resting its grant of summary judgment on the opposing party's failure to file a response).
>
> Additionally, "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' are inappropriate at the summary judgment stage." *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 861 (9th Cir. 2011) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). And all justifiable inferences must be drawn in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

*Gugino v. Clark's Crystal Springs Ranch, LLC (In re Clark)*, 2014 WL 2895428, *2 (Bankr. D. Idaho Jun. 25, 2014) (footnotes omitted).

There is no genuine issue of material fact regarding Davidson's claim being non-dischargeable in Debtor's chapter 7 case, regardless of whether it is a claim under § 523(a)(5) or (a)(15). In this regard, and in light of the issues in the answer and counterclaim, Davidson's Motion can be appropriately viewed as one for "partial" summary judgment on the simple question "is the claim dischargeable?" Davidson's Motion does not ask the Court to rule on the nature of the claim, or to

MEMORANDUM OF DECISION - 5

resolve the counterclaim.

The Court finds that Davidson is entitled to the limited ruling she seeks. The claim is nondischargeable in chapter 7. The Court will grant the Motion in that regard and enter an appropriate order.

### B.    Additional issues

At the hearing on Davidson's Motion, Soelberg argued that this Court will need to determine whether the claim is truly in the nature of support, both for purposes of the counterclaim in this adversary proceeding, and in addressing Debtors' objection to Davidson's proof of claim in the chapter 7 case.[5] Davidson has requested a trial setting herein. Adv. Doc. No. 47.

At hearing on the Motion, and in light of the arguments made, the Court noted that state courts have jurisdiction and the ability to address dischargeability under § 523(a)(5) and (a)(15). *See, e.g., Rein v. Providian Fin. Corp.,* 270 F.3d 895, 904 (9th Cir. 2001) (bankruptcy courts have exclusive jurisdiction over nondischargeability actions brought under § 523(a)(2), (4) and (6)[6]); *see also Ackerman v. Ackerman (In re Ackerman)*, 2007 WL 7540954, *4 (9th Cir. BAP

---

[5] The parties appear to support the idea of consolidated hearing and trial, which makes eminent sense, if the Court were to proceed to try and adjudicate the matter.

[6] *Rein* also stated that the bankruptcy court had exclusive jurisdiction over actions involving § 523(a)(15). However, as the bankruptcy court explained in *In re Lewis*, 423 B.R. 742, 754–55 (Bankr. W.D. Mich 2010), the exclusivity over § 523(a)(15) matters that existed prior to the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") was eliminated by the BAPCPA alterations to the language of § 523(c)(1), resulting in concurrent jurisdiction with state courts. In addition, even pre-BAPCPA, § 523(a)(5) adjudication—the matter most closely at issue here—was subject to concurrent jurisdiction.

MEMORANDUM OF DECISION - 6

Aug. 6, 2007) ("[A] a state domestic relations court may make a dischargeability determination under § 523(a)(5) after entry of a bankruptcy discharge. *Aldrich v. Imbrogno (In re Aldrich)*, 34 B.R. 776, 781 (9th Cir. BAP 1983)."). At hearing, the Court also raised the possibility of abstention. *See* 28 U.S.C. § 1334(c)(1).

Counsels' views on these matters were solicited. Debtors suggested that this Court's ability to promptly hear the matter and its familiarity with the Bankruptcy Code and bankruptcy case law weigh in favor of this Court determining whether Davidson's claim falls within § 523(a)(5) or (a)(15). Davidson, on the other hand, argued that it would be more appropriate for the state court to decide the matter, especially since a closely related matter is pending in state court.

While neither party addressed nor appeared prepared to discuss abstention, its applicability was self-evident. 28 U.S.C. § 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Comity—the respect for and a deference to another's jurisdiction—has particular relevance when the subject matter at issue is one closely aligned with the interests of the other judicial system or body.[7] It informs the exercise of discretion in

---

[7] *Huntley v. Vessey (In re Vessey)*, 2003 WL 1533445, *4 n.4 (Bankr. D. Idaho Jan. 15, 2003) (defining comity as a "willingness to grant a privilege, not as a matter of right, but out of deference").

MEMORANDUM OF DECISION - 7

considering abstention.

In this Circuit, the court should consider several factors in evaluating discretionary abstention: (1) the extent to which state law issues predominate over bankruptcy issues; (2) the difficultly of unsettled nature of applicable law; (3) the presence of a related proceeding in state court or other nonbankruptcy court; and (4) the likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties. *Siragusa v. Siragusa (In re Siragusa)*, 27 F.3d 406, 408 (9th Cir. 1994).

The question presented under Debtors' attack on paragraph L is whether the "support" ordered by the state court is truly in the nature of support as opposed to a property division or settlement.[8]  The state court is certainly capable of applying the law to the facts and making that interpretive determination of the provisions of the prior state court order.  And, even though this Court can and has made similar

---

[8]  In making that determination, the Ninth Circuit has stated that:

[T]he court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation.  The courts that have considered this issue have used several factors to aid in the characterization of the debt.  If an agreement fails to provide explicitly for spousal support, a court may presume that a so-called "property settlement" is intended for support when the circumstances of the case indicate that the recipient spouse needs support.  Factors indicating that support is necessary include the presence of minor children and an imbalance in the relative income of the parties.  Similarly, if an obligation terminates on the death or remarriage of the recipient spouse, a court may be inclined to classify the agreement as one for support. . . .  The court will also look to nature [sic] and duration of the obligation to determine whether it is intended as support.  Support payments tend to mirror the recipient spouse's need for support.

*Shaver v. Shaver*, 736 F.2d 1314, 1316–17 (9th Cir. 1984); *see also* 4 Collier on Bankruptcy § 523.11[6] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013).

MEMORANDUM OF DECISION - 8

evaluations, the question is who is best and most aptly suited to do so.

The United States Supreme Court has held that "the whole subject of domestic relation of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Elk Grove Unified School Dist. V. Newdow*, 542 U.S. 1, 12 (2004). The Court further held that "it might be appropriate for the federal courts to decline to hear a case involving elements of the domestic relationship, even when divorce, alimony, or child support is not strictly at issue." *Id*. at 13 (internal citation omitted).

Bankruptcy courts need not create barriers to the otherwise prompt, just and fair resolution of domestic relations actions and issues in state courts. Decisions on such matters could produce conflicting court decrees further aggravating an already difficult situation. For this reason, "[i]t is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'" *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985) (quoting *In re Graham*, 14 B.R. 246, 248 (Bankr. W.D. Ky. 1981)). *See also Carver v. Carver*, 954 F.2d 1573, 1578–80 (11th Cir. 1992) (discussing the wariness of federal courts of becoming embroiled in family law matters, and the availability of abstention to ameliorate such difficulties).

While this Court is capable of determining the nature of Davidson's claim, the state court is also capable and has the jurisdiction and authority to do so.

MEMORANDUM OF DECISION - 9

Recall, the parties' dispute has already been before the Idaho district court and the Court of Appeals. Whether Soelberg's obligation to Davidson under the state court judgment was an award of spousal support can appropriately be left to the state court. Thus, the Court holds, based on principles of comity, that voluntary abstention pursuant to 28 U.S.C. § 1334(c)(1) is appropriate in this case.[9]

**CONCLUSION**

Davidson's Motion will therefore be granted, establishing that her claim—whether it falls under § 523(a)(5) or (a)(15)—is nondischargeable.

The Court will otherwise abstain, and stay further consideration of this adversary proceeding, or consideration of Debtors' objection to Davidson's claim, until such time as the state court has determined whether the claim, in whole or part, is in the nature of support and falls within § 523(a)(5). By reason of its decision to abstain, the Court will deny Davidson's request for a trial setting.

Appropriate orders will be entered.

DATED: October 7, 2016



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[9] The Court also concludes that, on the whole, the other factors in *Siragusa* support the exercise of discretionary abstention.

MEMORANDUM OF DECISION - 10